UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE A. WILLIAMS,            )
                              )
            Plaintiff,        )   Case No. 1:06-cv-380
                              )
v.                            )   Honorable Robert Holmes Bell
                              )
KAREN LOVE,                   )
                              )
            Defendant.        )
_____)

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and ordered Plaintiff to pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.   Factual Allegations

Plaintiff is presently incarcerated at the Oaks Correctional Facility, but complains of events that occurred when he was housed at the Muskegon Correctional Facility (MCF). In his *pro se* complaint, Plaintiff alleges that Defendant Karen Love, a Resident Unit Manager at MCF, placed him in a cell with a smoker after Plaintiff had signed a "non-smoking agreement" with MCF. Pl's Compl. at 3-4. He claims that in doing so, Defendant violated his Eighth Amendment rights and "policy." *Id.* at 4.

II.  Failure to State a Claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges that Defendant violated his Eighth Amendment right to be free from cruel and unusual punishment. An Eighth Amendment claim for cruel and unusual punishment based on breathing second-hand smoke can stand only if an inmate has a serious medical condition that is exacerbated by breathing the smoke. *Talal v. White,* 403 F.3d 423, 426 (6th Cir. 2005); *Hunt*

*v. Reynolds,* 974 F.2d 734, 735 (6th Cir. 1992) ("mere exposure to Environmental Tobacco Smoke, . . . without more, does not constitute a deprivation of a Prisoner's Eighth Amendment rights"). Plaintiff does not allege a serious medical condition. He claims only that he signed a "non-smoking agreement" at MCF. Plaintiff does not set forth a sufficiently serious medical condition necessitating that he not breathe second-hand smoke. He thus fails to state a claim under the Eighth Amendment to the United States Constitution.

Plaintiff also argues that Defendant violated "policy" in placing him in a cell with a smoker. Defendant's alleged failure to comply with administrative rules does not rise to the level of a constitutional violation. *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687 at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest).

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

        This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

        A Judgment consistent with this Opinion will be entered.


Date:    June 21, 2006               /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              CHIEF UNITED STATES DISTRICT JUDGE